UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA M. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CV00182 AGF |
| ) | |
| BASSETT FURNITURE DIRECT, and ) | |
| BASSETT FURNITURE INDUSTRIES ) | |
| INC.. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This employment discrimination matter is before the Court on the unopposed motion of Defendant Bassett Furniture Industries Inc. ("Basset Furniture"), Plaintiff Tina Turner's former employer, to dismiss Count II of Plaintiff's complaint. For the reasons set forth below, the motion to dismiss Count II shall be granted.

Plaintiff alleges that she was discharged by her former employer on January 21, 2014. In Count I, she asserts gender, race, and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and under the Americans with Disabilities Act. Count II asserts denial of accommodation under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. Bassett Furniture argues that Count II is subject to dismissal because the Rehabilitation Act of 1973 only applies to entities that receive federal funding or to federal agencies.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability . . . be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." As Bassett Furniture argues, the Rehabilitation Act only applies to a program or activity receiving federal financial assistance or to a federal agency. Here there is no allegation in the complaint that Plaintiff's former employer fits this profile; and as noted above, Plaintiff does not so argue in opposition to the motion to dismiss Count II. Thus, Count II is subject to dismissal. *See, e.g., Collins v. AT&T*, No. 4:10CV1573 RWS, 2010 WL 3829376, at *1 (E.D. Mo. Sept. 24, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Bassett Furniture Industries Inc. to dismiss Count II of Plaintiff's complaint is **GRANTED**. (Doc. No. 4.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2015.